**Luis Humberto GARCIA, Appellant,**

v.

**Samuel Palomino GUTIERREZ, Appellee.**

No. 13–84–397–CV.

Court of Appeals of Texas, Corpus Christi.

Aug. 30, 1985.

Ferriel C. Hamby, Jr., Roger W. Hughes, Harlingen, for appellant.

Richard D. Schell, James S. Hale, Harlingen, for appellee.

David H. Hockema, Atlas & Hall, McAllen, for interested party.

Before NYE, C.J., and SEERDEN and BENAVIDES, JJ.

OPINION

SEERDEN, Justice.

Appellant brings this case before us by way of writ of error. The trial court granted a default judgment in favor of appellee in a personal injury action arising from a collision in which appellant drove his vehicle into the rear-end of the vehicle being operated by appellee.

Contemporaneously with the filing of Plaintiff's Original Petition, appellee filed a "Motion for Service Under Rule 106."

Such motion requested the Court to authorize the execution of all process in Cameron County by Eddie Gonzales or Mario Gonzales, Jr. Such motion alleges that these persons are each above the age of 18 years, are residents of Cameron County, Texas and are disinterested adults as to this case and are not parties to it. It is alleged that they can serve process in this case without delay but "[d]ue to limited personnel, the Sheriff and Constables of Cameron County have a tremendous backlog of process to be executed. There will be delay before the Sheriff or Constables of Cameron County will be able to serve process in this cause." The trial judge considered this motion and "ordered that all process to be executed in Cameron County ... (be executed by the persons named) who shall have full power and authority of this Court to execute any such process or writ and make due return." Thereafter the record reflects that Eddie Gonzales delivered a true copy of the citation to the named defendant.

In his first two points of error, appellant complains that the trial court erred in granting a default judgment because the service of citation did not comply with Rules 104 and 106, TEX.R.CIV.P.[1]

Rule 106(a) provides:

[u]nless the citation or an order of the court otherwise directs, the citation shall be served by any officer authorized by Rule 103 by

(1) delivering to the defendant, in person, a true copy of the citation with the date of delivery endorsed thereon with a copy of the petition attached thereto, or

(2) mailing to the defendant by registered or certified mail, with delivery restricted to addressee only, return receipt requested, a true copy of the citation with a copy of the petition attached thereto.

Rule 104 provides that if there is no officer qualified to serve process, the judge, by following the procedure specified,

may designate a disinterested citizen to execute such process.

Appellee takes the position that under Rule 106(a) the trial court may order service of citation by a private process server independently of the other directions in such rule, the directions of Rule 106(b) or of Rule 104. He argues persuasively that because of limited county budgets, understaffed sheriffs' departments and the efficiencies inherent in a free enterprise endeavor, private process servers have been accepted in the Rio Grande Valley, as well as in larger metropolitan areas of state.

Unfortunately, however, no amount of practical consideration or desire for judicial economy and efficiency can transfer to this Court the decision on matters which have already been decided by statutory enactments of the legislature and the rule making authority of the Supreme Court.

It is the mandatory duty of sheriffs and constables of this State to serve all writs and processes directed or delivered to them by legal authority. TEX.REV.CIV.STAT. ANN. art. 6883 and 6885 (Vernon 1960). Penalties are provided for sheriffs and constables who fail to make a proper return of citation. TEX.REV.CIV.STAT.ANN. arts. 6883 and 6887 (Vernon 1960). Texas Rules of Civil Procedure, 103, 104 and 106 specify the officers who may serve citations and the manner in which service is to be made. This question was recently addressed by the Dallas Court of Appeals in *Lawyers Civil Process, Inc. v. The State of Texas*, 690 S.W.2d 939 (Tex.App.—Dallas, no writ). Justice Carver stated:

A trial court may not, however, "otherwise direct" that service be made by a method not authorized by the rules. The rules regarding service of process have always been strictly construed; failure to comply with them renders service void. *Harrison v. Dallas Court Reporting College, Inc.*, 589 S.W.2d 813, 816 (Tex. Civ.App.—Dallas 1979, no writ).

---

1. All statutory citations in this opinion are to the Texas Rules of Civil Procedure, unless other-

wise stated.

■ As pointed out in *Lawyers Civil Process, Inc.*, the matters of lack of personnel and inadequate operating budgets and the use of civil process servers have been the subject of legislative consideration and Attorney General's opinions. *See* Pope and McConnico, *Practicing Law the 1981 Texas Rules*, 32 Baylor L.Rev. 457 (1980); Figari, *Texas Civil Procedure*, 35 S.W.L.J. 359, 364–65 (1981); Tex.Atty.Gen.Op. No. H–595 (1975). Neither the legislature nor the Texas Supreme Court have seen fit to specifically authorize the unlimited use of private civil process servers, unless the Rules of procedure are strictly complied with. This was not done in this case.

Accordingly, appellant's points of error one and two are sustained.

■ Under points of error three and four, appellant claims citation was defective because it shows it was served at a different address and that the signature of the person making the return is illegible. While we acknowledge that the rules regarding the service of citation must be strictly followed, *Encore Builders v. Wells*, 636 S.W.2d 722 (Tex.App.—Corpus Christi 1982, no writ); *Mega v. Anglo Iron & Metal Company of Harlingen*, 601 S.W.2d 501 (Tex.Civ.App.—Corpus Christi 1980, no writ), where as here, the return affirmatively states that it was served on the named defendant, we hold, he may be served wherever he can be found in the county, and the person executing the citation is not limited to the address mentioned. We have examined the return and do not find the signature of the party making same illegible. Points of error three and four are overruled.

Appellant's remaining points of error deal with the admissibility of evidence and the sufficiency of the evidence to support the amount of money awarded as damages by the trial court. Because of our disposition of this case, these matters are not likely to recur in a retrial and are not necessary for the disposition of this appeal. We, therefore, find it unnecessary to address them. TEX.R.CIV.P. 452.

The judgment of the trial court is REVERSED and REMANDED for a new trial.