J. Moore McDONOUGH, Jr., Appellant,

v.

R.P. WILLIAMSON, III, et al., Appellees.

No. B14–87–005–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 19, 1987.

James B. Jameson, Jr., Houston, for appellant.

Charles A. Daughtry, Peter J. Sapio, Galveston, for appellees.

Before PAUL PRESSLER, MURPHY and ELLIS, JJ.

## OPINION

PAUL PRESSLER, Justice.

This is an appeal by writ of error from a default judgment. The primary question is whether the judgment was final or interlocutory. We hold that the judgment was final and affirm as modified.

Plaintiffs sued J. Moore McDonough, Jr., individually and as trustee, for breach of his fiduciary duties under a trust agreement. The agreement provided that the trust would terminate no later than December 13, 1985. Plaintiffs allege that McDonough refused to distribute or account for the assets at that time. McDonough did not answer the suit. Plaintiffs proved damages and took a default judgment. The court found that McDonough had violated the agreement and breached his fiduciary duties by failing to distribute or account for the assets and granted judgment for the amount sought which was $539,237.77, plus costs and attorney's fees.

The judgment was signed on June 19, 1986. McDonough moved to set aside judgment on December 12. The trial court ruled that it had lost jurisdiction and denied the motion on December 17. McDonough petitioned for writ of error that same day.

■ In his first two points of error McDonough asserts that the trial court should have set aside the judgment because

(1) the judgment was not final (thus the judgment could be set aside), and

(2) the *Craddock* requirements were met (thus the judgment should be set aside).

See *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124 (1939) (establishing conditions for granting a new trial after default). A final judgment is one which disposes of all parties and all issues. *Houston Health Clubs, Inc. v. First Court of Appeals*, 722 S.W.2d 692, 693 (Tex.1986); *Schlipf v. Exxon Corp.*, 644 S.W.2d 453, 454 (Tex.1982); *North East Indep. School Dist. v. Aldridge*, 400 S.W.2d 893 (Tex.1966). Because judgments can be ambiguous, there is a presumption of finality following a conventional trial on the merits. This presumption does not apply to default judgments. *Houston Health Clubs*, 722 S.W.2d at 693; *Etter's Welding v. Gainesville Nat'l Bank of Gainesville*, 687 S.W.2d 521, 522 (Tex.App.—Fort Worth 1985, no writ); *Dickerson v. Mack Financial Corp.*, 452 S.W.2d 552, 555 (Tex.Civ. App.—Houston [1st Dist.] 1969, writ ref'd n.r.e.). *See also* Peeples, *Trial Court Jurisdiction and Control Over Judgments*, 17 ST. MARY'S L.J. 367, 376 (1986). The judgment here does not contain a clause which would have resolved any ambiguity. *See Aldridge*, 400 S.W.2d at 898 (imploring lawyers to use a "Mother Hubbard" clause which states that all relief not expressly granted is denied).

■ McDonough makes two arguments against finality. First, he was sued both as an individual and as a trustee. The judgment established liability without reference to the two capacities in which he was sued. Second, McDonough points to various allegations and prayers in the petition, claiming that they remain unaddressed. The plaintiffs contend that the court gave them everything they sought and nothing was left to be adjudicated.

The dual capacity issue was not expressly addressed in the judgment. It made no mention of McDonough's liability as trustee. Nevertheless the essence of the trial court's action was to dispose of all parties. This case differs from one where a defendant who is sued in two capacities and can secure a dismissal of the suit against him in one of the capacities. Here the judgment says that McDonough breached his fiduciary duties and violated the trust agreement by failing to distribute or account for the trust funds. The trial court thus dealt with McDonough's liability as trustee.

McDonough is attempting to penalize the plaintiffs for pleading with enough specificity to support a default judgment. The Supreme Court has held judgments to be interlocutory when there was no mention of additional monetary relief which the plaintiffs had sought. *Houston Health Clubs*, 722 S.W.2d at 693 (unaddressed prayer for punitive damages); *Schlipf,* 644

S.W.2d at 454 (unaddressed prayer for pre-judgment interest). Here the trial court awarded the precise amount sought by the plaintiffs. *Compare Hunt Oil Co. v. Moore*, 639 S.W.2d 459 (Tex.1982) (judgment interlocutory because it ordered a *future* accounting from which damages would then be assessed).

█ Any additional award in this case would have allowed a double recovery. The judgment was in precisely the amount sought and no more. The trial court thus dealt with all issues, and the judgment was final when signed on June 19. Since McDonough never received the postcard notice required by Tex.R.Civ.P. 239a, the thirty day period for modifying the judgment did not begin to run until ninety days after the judgment was signed. *See* Tex.R.Civ. P. 306a(4). McDonough waited until December 12 to move for a new trial. By this time the trial court had lost jurisdiction as it expressly found in the order denying the motion. The *Craddock* question had become moot. Points of error one and two are overruled.

In points of error three and four, McDonough challenges the sufficiency of the evidence to support the damage award. The plaintiffs contend that review on a writ of error does not allow consideration of these points because the reviewing court can examine only the "face of the record."

The meaning of the term "face of the record" has evolved from being limited to being expansive as the scope and availability of appellate review has also increased.

> There was no appeal by way of rehearing at common law. This was not introduced until 1875. The first method of appeal from the decision of a common law court was by writ of error alleging an error on the record. This would not extend to any question of fact and could only extend to such points of law as would appear on the record; for example, defects in pleadings or failure to summon all parties to the proceedings.

R.J. WALKER, THE ENGLISH LEGAL SYSTEM 31 (6th ed. 1985) (citations omitted). With this widening of appellate review has come an increased recognition of the appellant's interest in full evidentiary review. *See Stubbs v. Stubbs*, 685 S.W.2d 643 (Tex.1985); *Brown v. McLennan County Children's Protective Services*, 627 S.W.2d 390 (Tex.1982); *Tankard–Smith, Inc. Gen. Contractors v. Thursby*, 663 S.W.2d 473 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.); *see also Morgan v. Compugraphics Corp.*, 675 S.W.2d 729 (Tex.1984). In *Morgan* the defaulting defendant appealed by writ of error contesting the sufficiency of the evidence as to damages. The Court of Appeals expressly referred to the statement of facts sustaining the appellant's no evidence point. 656 S.W.2d 530, 532 (Tex.App.—Dallas 1983). The Supreme Court examined the statement of facts and found some evidence in the record. 675 S.W.2d at 733. The Supreme Court based its holding on Tex.R. Civ.P. 243, which requires proof of unliquidated damages. Accordingly it is proper to raise an evidentiary challenge to a damage award by writ of error. *See also Morales v. Dalworth*, 698 S.W.2d 772 (Tex.App.—Fort Worth 1985, writ ref'd n.r.e.); *Behar v. Patrick*, 680 S.W.2d 36 (Tex.App.—Amarillo 1984, no writ); *Roe v. Doe*, 607 S.W.2d 602 (Tex.Civ.App.—Eastland 1980, no writ); *Bavarian Autohaus, Inc. v. Holland*, 570 S.W.2d 110 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ). *But see Gourmet v. Hurley*, 552 S.W.2d 509 (Tex. Civ.App.—Dallas 1977, no writ).

█ There was testimony about the assets and terms of the trust. One of the plaintiffs, a certified public accountant, estimated the value of those assets at $537,-232.77, based on interest rates and the average return on investments during the previous decade. This testimony was proper under Tex.R.Evid. 703. It constituted sufficient evidence of unliquidated damages. The court entered judgment for two thousand five dollars ($2,005) more than that amount. Points of error three and four are sustained to the extent that the damage award is modified to conform to the testimony by the deduction of two thousand five dollars.

█ Point of error five alleges that McDonough never received proper notice of

the default judgment, as required by Tex. R.Civ.P. 239a. The rule provides:

> At or immediately prior to the time an interlocutory or final default judgment is rendered, the party taking the same or his attorney shall certify to the clerk in writing the last known mailing address of the party against whom the judgment is taken, which certificate shall be filed among the papers in the cause. Immediately upon the signing of the judgment, the clerk shall mail a post card notice thereof to the party against whom the judgment was rendered at the address shown in the certificate, and note the fact of such mailing on the docket. The notice shall state the number and style of the case, the court in which the case is pending, the names of the parties in whose favor and against whom the judgment was rendered, and the date of the signing of the judgment. Failure to comply with the provisions of this rule shall not affect the finality of the judgment.

The plaintiffs argue that the judgment cannot be disturbed on the basis of a failure to follow the rule as per the last sentence.

*Grayson Fire Extinguisher Co., Inc. v. Jackson*, 566 S.W.2d 321 (Tex.Civ.App.—Dallas 1978, writ ref'd n.r.e.) holds that noncompliance with rule 239a is not necessarily reversible error. The *Grayson* result was based largely on the last sentence of the rule, and *Grayson* was followed without discussion in *City of Houston v. Arney*, 680 S.W.2d 867 (Tex.App.—Houston [1st Dist.] 1984, no writ). *Compare Buddy "L". Inc. v. General Trailer Co., Inc.*, 672 S.W.2d 541 (Tex.App.—Dallas 1984, writ ref'd n.r.e.) (rule 239a omission supports bill of review). The *Grayson* opinion apparently reads the rule's last sentence as referring to the *validity*—rather than the *finality*—of the judgment. The last sentence is better understood to address the question of whether failure to send post card notice renders an otherwise final judgment interlocutory. Thus the rule does not mean that compliance is merely optional or that the validity of the judgment cannot be affected.

Nevertheless, a defaulting defendant is in a better position now than he would have been when writ of error review precluded examination of the statement of facts. Therefore a rule 239a omission is less serious in this case than it was in *Grayson*. Point of error five is overruled.

Point of error six alleges that the citation was fatally defective in that McDonough's name was misspelled. A default judgment cannot stand unless the defendant's name was spelled correctly. See the cases collected in 4 R. MCDONALD, TEXAS CIVIL PRACTICE IN DISTRICT AND COUNTY COURTS § 17.23.2 n. 5 (Supp.1986). The Supreme Court has held that failure to include "Jr." after the defendant's name renders the citation fatally defective. *Uvalde Country Club v. Martin Linen Supply Company, Inc.*, 690 S.W.2d 884, 885 (Tex.1985). The reason for these decisions is that a defendant must have notice that he is the person being sued.

McDonough complains that his name was printed on the citation as J. MOORE MCDONOUGH, JR. rather than J. Moore McDonough, Jr. Capitalization of the second letter of McDonough's last name is not a misspelling. The difference between the two forms does not render the citation defective. The sixth point of error is overruled.

The judgment is affirmed as modified.