**7TH DAY ADVENTIST
SCHOOL, Appellant,**

v.

**Gilbert and Dolly ESCAMILLA, Individ-
ually, and as Next Friends of Sandra
Escamilla, A Minor, Appellees.**

No. 13–88–032–CV.

Court of Appeals of Texas,
Corpus Christi.

Nov. 3, 1988.

Richard D. Schell, Wiley & Fleuriet, Har-
lingen, for appellant.

Ray R. Marchan, Law Offices of Warren
L. Eddington, Brownsville, for appellees.

Before NYE, C.J., and BENAVIDES
and DORSEY, JJ.

OPINION

BENAVIDES, Justice.

Appellant, 7th Day Adventist School,
brings this appeal by writ of error. The
trial court granted a default judgment in
favor of appellees in a personal injury ac-
tion.

In its only point of error, appellant com-
plains that the trial court erred in granting
a default judgment because the service of
citation did not comply with Tex.R.Civ.P.
103 and 106. Citation was served on appel-
lant by a court-ordered private process ser-
ver. Appellant, citing *Garcia v. Gutierrez*,
697 S.W.2d 758 (Tex.App.—Corpus Christi
1985, no writ), argues that such service
was improper.

Appellees confess error; however, they
argue that the costs of appeal should be
"borne by appellant" since the appellees
*offered* to enter into an agreed order set-
ting aside the judgment prior to the expira-
tion of time to commence appeal proce-
dures.

Tex.R.App.P. 89 provides in pertinent
part that:

In any civil cause reversed by the court
of appeals, the appellant shall be entitled
to an execution in the trial court against
the appellee for costs occasioned by such
appeal, including costs for the transcript
and statement of facts. Nothing herein
shall be construed to ... limit or impair
the power of the court of appeals to
otherwise tax the costs for good cause.

Since appellees confessed error, the
cause must be reversed and remanded.
The appellant, therefore, is entitled to have
the costs assessed against appellees unless
we find that good cause exists to do other-
wise. Appellant contends that the costs
should not be assessed against it since it
had already incurred the costs of appeal
before appellees offered to set the judg-
ment aside. We agree.

The only evidence in the record concern-
ing appellees "offer" to set aside the judg-
ment is a letter written by their counsel
addressed to counsel for appellant. The
letter was dated February 23, 1988 and
was filed in this Court on February 25,
1988. The record reflects that, prior to the
date the letter was received and filed with
this Court, the transcript, statement of
facts, and brief had already been filed by
appellant.

Since the appellees' offer to set aside the default judgment occurred after appellant had already incurred costs of appeal, we find no good cause to tax costs of this appeal against appellant. Accordingly, we order the costs be assessed against the appellees. The judgment of the trial court is REVERSED and REMANDED for a new trial.