TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00668-CV







Alicia Moreno, Appellant



v.



Liberty Mutual Fire Insurance Company, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT


NO. 93-15251, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING







PER CURIAM


 Alicia Moreno appeals an adverse default judgment by writ of error. After an
administrative hearing, the Workers' Compensation Commission ("the Commission") awarded
Moreno compensation for work-related injuries. Appellee Liberty Mutual Fire Insurance
Company ("Liberty Mutual"), the employer's insurance carrier, filed suit in district court to obtain
a trial de novo of the workers' compensation award, claiming that the Commission's award was
unjust and excessive. When Moreno did not answer, the trial court rendered a default judgment
decreeing that she take nothing from Liberty Mutual Fire Insurance Company and setting aside
the award of the Workers' Compensation Commission. We will affirm the default judgment.

 An appeal by writ of error is a direct attack on the judgment. McKanna v. Edgar,
388 S.W.2d 927, 928 (Tex. 1965). In a direct attack, no presumptions in support of the judgment
are made. Id. at 929. To appeal by writ of error: (1) the petition must be brought within six
months of the date of judgment; (2) by a party to the suit; (3) who did not participate in the trial;
and (4) the error must be apparent from the face of the record. General Elec. Co. v. Falcon Ridge
Apts., 811 S.W.2d 942, 943 (Tex. 1991). Only the fourth element, error apparent from the face
of the record, is at issue in this case.

 By point of error one, Moreno complains that the citation does not comply with
Texas Rule of Civil Procedure 16, which provides that "the officer or authorized person to whom
process is delivered shall endorse thereon the day and hour on which he received it." In this case,
the return discloses the date but not the hour of receipt. An error in the day or hour of receipt
is not grounds for reversal. Johnson v. Cole, 138 S.W.2d 910, 912 (Tex. Civ. App.--Austin 1940,
writ ref'd) (not reversible error when return showed citation came into sheriff's hands on
"February 13, 19120" rather than "February 13, 1920"); Miller v. Davis, 180 S.W. 1140, 1140-41 (Tex. Civ. App.--Fort Worth 1915, no writ) (not reversible error when return stated citation
received on July 17 rather than June 17). Moreno does not allege any harm occasioned by the
omission of the hour. We overrule point of error one.

 By point of error two, Moreno complains that the return does not show that the
server was authorized to serve process. The return was stamped with the authorized signature of
Ed Richards, Sheriff, Williamson County. Below this stamp is the notation "By: K. Rose # 82." 
The stamped signature of the sheriff fulfills the requirement of Texas Rule of Civil Procedure 107
that the return be signed officially by the officer authorized to serve. Payne & Keller Co. v.
Word, 732 S.W.2d 38, 40 (Tex. App.--Houston [14th Dist.] 1987, writ ref'd n.r.e.); Houston Pipe
Coating Co., Inc. v. Houston Freightways, Inc. 679 S.W.2d 42, 45 (Tex. App.--Houston [14th
Dist.] 1987, writ ref'd n.r.e). The deputy who actually serves the citation acts as the sheriff's
agent; when the sheriff signs, the deputy's signature is superfluous. Houston Pipe Coating Co.,
Inc,. 679 S.W.2d at 45; Cortimiglia v. Miller, 326 S.W.2d 278, 283-84 (Tex. Civ. App.--Houston
1959, no writ). Because the signature of the deputy who acted for the sheriff is not necessary,
it is irrelevant that the deputy's signature does not state his or her official capacity. We overrule
point of error two.

 By point of error three, Moreno claims that the judgment is invalid because the
address at which citation was served differs from the address on the face of the citation. The
citation requested service on "Alicia (Gomez) Moreno" at 1204 Abbey in Round Rock. The
return shows service of citation on "Alicia Gomez Moreno" (1) at 207 Sunset in Round Rock. 
Moreno claims that service is void because the addresses differ. We disagree. 

 The return recites that process was served on the "within named" Alicia Gomez
Moreno. Return of service is prima facie evidence of the facts recited therein. Primate Constr.,
Inc. v. Silver, 884 S.W.2d 151, 152 (Tex. 1994). The process server executing the citation is not
limited to serving the citation only at the address on the face of the citation. Garcia v. Gutierrez,
697 S.W.2d 758, 760 (Tex. App.--Corpus Christi 1985, no writ). When the return affirmatively
states that it was served on the named defendant, the defendant may be served wherever she can
be found in the state. (2) See id.; see also Jacksboro Nat'l Bank v. Signal Oil & Gas Co., 482
S.W.2d 339, 342 (Tex. Civ. App.--Tyler 1972, no writ) (citation must at least show service within
state). We overrule point of error three.

 By points of error four and five, Moreno complains that the judgment is invalid
because the record does not show that Liberty Mutual filed a certificate of Moreno's last known
address with the district clerk before the default judgment was signed or that the district clerk
mailed a notice of default judgment to that address, as required by Texas Rule of Civil Procedure
239a. Moreno asks us to decline to follow a line of cases holding that failure to follow the filing
and notice requirements of rule 239a should be challenged in a bill of review rather than in a writ
of error proceeding. Long v. McDermott, 813 S.W.2d 622, 624 (Tex. App.--Houston [1st Dist.]
1991, no writ); Bloom v. Bloom, 767 S.W.2d 463, 468 (Tex. App.--San Antonio 1989, writ
denied); Grayson Fire Extinguisher Co., Inc. v. Jackson, 566 S.W.2d 321, 322 (Tex. Civ.
App.--Dallas 1978, writ ref'd n.r.e.). 

 Rule 239a provides that:



At or immediately prior to the time an interlocutory or final default judgment is
rendered, the party taking same or his attorney shall certify to the clerk in writing
the last known mailing address of the party against whom judgment is taken . . . . 
Immediately upon the signing of the judgment, the clerk shall mail a post card
notice thereof to the party against whom the judgment was rendered at the address
shown in the certificate, and note the fact of such mailing of the docket. . . .
Failure to comply with the provision of this rule shall not affect the finality of the
judgment.



Tex. R. Civ. P. 239a (emphasis added). The Grayson court emphasized the last sentence of the
rule, apparently equating "finality" with "validity." Grayson, 566 S.W.2d at 322-23. We agree
with other courts that the word "finality" is better understood to address the question whether
failure to send postcard notice renders an otherwise final judgment interlocutory. Long, 813
S.W.2d at 626 (dissenting opinion); McDonough v. Williamson, 742 S.W.2d 737, 740 (Tex.
App.--Houston [14th Dist.] 1987, no writ); see also Petro-Chemical Transp., Inc. v. Carroll, 514
S.W.2d 240, 245 (Tex. 1974) (analyzing similar language in former Texas Rule of Civil
Procedure 306d, since repealed). (3) However, the failure to comply with rule 239a does not
automatically void the judgment. A default judgment obtained after proper service is valid and
should be overturned only on a strong showing of inequity. Long, 813 S.W.2d at 624; see also
Petro-Chemical Transp., Inc., 514 S.W.2d at 244-46. For this reason, arguments regarding lack
of notice under rule 239a are appropriate in a bill of review proceeding, in which evidence can
be received, rather than in a writ of error proceeding. (4)

 Moreno also argues that her due process rights were violated by the lack of notice,
citing Peralta v. Heights Medical Ctr., Inc., 485 U.S. 80 (1988). We read Peralta, which
overturned a Texas default judgment on due process grounds, as applying only when the defendant
was not served with process. We cannot determine from the face of the record that Moreno was
not served; however, Moreno may, in a bill of review proceeding, introduce evidence so proving.
We overrule points of error four and five.

 The trial court's judgment is affirmed.


Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: June 21, 1995

Do Not Publish

1.   Moreno does not raise as an issue on this appeal the slight difference in the name on
the citation and on the return.
2.   In Garcia v. Gutierrez, 697 S.W.2d 758, 760 (Tex. App.--Corpus Christi 1985, no writ),
the court stated that the defendant could be served wherever he could be found in the county. 
Since Gutierrez was decided, Texas Rule of Civil Procedure 103 was amended to provide that
a sheriff could serve process outside the county that he serves. Tex. R. Civ. P. 103.
3.   Former section 306d provided: 


Immediately upon the signing of any final judgment of other appealable
order, the clerk of the court shall mail a post-card notice thereof to each
party to the suit as provided in Rule 21a. Failure to comply with the
provisions of this rule shall not affect the finality of the judgment or order.
4.   The primary difference between a writ of error and a bill of review proceeding is
the taking of extrinsic evidence, which is permitted in the latter but prohibited in the
former. To prevail in an bill of review proceeding, the defendant must ordinarily prove
(1) a meritorious defense to the cause of action, (2) that the defendant was prevented from
making by plaintiff's fraud, and (3) that the failure to answer was unmixed with any
negligence of his own. Alexander v. Hagedorn, 226 S.W.2d 996, 998 (Tex. 1950); Vinklarek
v. Vinklarek, 596 S.W.2d 197, 200 (Tex. Civ. App.--Houston [1st Dist.] 1980, writ dism'd). 
The defendant is relieved of proving fraud on the plaintiff's part if he can prove that the clerk
of the court failed to notify him of the default judgment because the plaintiff failed to certify
defendant's address. Edgin v. Blasi, 706 S.W.2d 353, 354-55 (Tex. App.--Fort Worth 1986,
no writ); Laredo v. Threadgill, 686 S.W.2d 734, 735 (Tex. App.--San Antonio 1985, no writ);
see also Petro-Chemical Transp., 514 S.W.2d at 245 (analyzing the clerk's failure to give
notice of judgment under former Texas Rule of Civil Procedure 306d). Additionally, the
defendant is relieved of proving a meritorious defense when he was not served with process. 
Peralta v. Heights Medical Ctr., Inc., 485 U.S. 80, 86 (1988). Finally, courts dispute
whether, where official negligence is involved, the defendant must prove simply that his
failure to answer was neither intentional nor the result of conscious indifference rather than
that his failure was not negligent. See, e.g., Edgin, 706 S.W.2d at 354-55.