# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00744-CV

**North Carolina Mutual Life Insurance Company, Appellant**

**v.**

**Erin Whitworth, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT
### NO. GN202432, HONORABLE DARLENE BYRNE, JUDGE PRESIDING

## O P I N I O N

In this restricted appeal, North Carolina Mutual Life Insurance Company appeals a $1.725 million no-answer default judgment rendered against it and in favor of Erin Whitworth. Appellant contends that Whitworth failed to show proper service because of discrepancies between the name and address listed in the petition and citation and the name and address listed in the return of service. We will reverse the judgment and remand the cause for further proceedings.

## BACKGROUND

Whitworth had a health insurance policy under which she believed appellant would pay her medical expenses. She alleged that, when she suffered brain damage and injuries in an automobile accident, appellant conditioned payment of her medical expenses on her signing a subrogation agreement that differed materially from the policy terms by creating additional rights

for appellant. Whitworth alleged that, when she refused to sign the subrogation agreement, appellant denied her claims based on an inapplicable exclusion in the policy. She asserted that this was a breach of the policy and a violation of the Deceptive Trade Practices Act.

Whitworth alleged in her petition that appellant's agent for service of process was Isaac E. Henderson, 2646 South Loop West 510, Houston, Texas 77054.[1] The return of service, which is addressed to North Carolina Mutual Life Insurance Company, states that citation and the original petition were served on August 19, 2002 upon North Carolina Mutual Insurance Company by personally serving its registered agent, Isaac E. Henderson, at 2656 South Loop West #560, Houston, TX 77054. Thus, the address where citation was served and the party on whom it was served differ from the address and party listed in the petition; the address on South Loop West at which citation was served is 2656 instead of 2646, the suite number served is 560 instead of 510, and the recipient listed in the return of service lacks the word "Life" compared to the defendant in the petition and listed on the citation. The record shows that Henderson had moved to the new address, but there is no indication that the defendant company had changed its name.

The record contains exhibits regarding what Henderson did after receiving service. He sent a letter to appellant by certified mail dated September 26, 2002, received the return receipt, and faxed copies of the letter and receipt to Whitworth. In the letter to appellant, Henderson wrote:

---

[1] Whitworth has moved this Court to supplement the record with documents showing the name and address of appellant's agent for service of process on file with the Department of Insurance. These documents at issue were first filed in the district court on January 23, 2003, well after the court made the decisions reviewed here and after the court's plenary power expired. Because these documents were not before the trial court when it made its decisions, we cannot consider them. *See General Elec. Co. v. Falcon Ridge Apartments, Joint Venture*, 811 S.W.2d 942, 944 (Tex. 1991). Accordingly, we overrule the motion to supplement the record.

2

> Enclosed please find an Original Petition in the above matter which has been served upon me as your registered agent for the State of Texas. While I do not recall ever agreeing to serve as your agent in the State of Texas, I am forwarding this petition to you because my name is on file in the Secretary of State's Office for the State of Texas as your registered agent. Please appoint a registered agent for your company in the State of Texas at once. I will take steps to remove my name as your agent.
>
> You should obtain the services of a lawyer to represent your company at once.

The return receipt indicates that Henderson sent the letter on September 27, 2002, and that the letter was delivered on September 30, 2002.

On October 7, 2002, Whitworth appeared in the district court and moved for default judgment. The court found that the return of service had been on file with the court for at least ten days, that the deadline for appellant to file an answer was September 9, 2002, and that appellant had not filed an answer. Whitworth offered and the court admitted ten exhibits. These exhibits included letters between appellant and Whitworth regarding the subrogation agreement and appellant's denial of coverage. Also included were the petition, the citation and return, the faxed copy of the letter from Henderson to appellant, the faxed certified mail return receipt from appellant, and Whitworth's medical bills. The court reporter did not record the hearing.

By judgment signed October 8, 2002, the district court granted the default judgment. The court awarded Whitworth $125,000 in actual damages, $1,000,000 in exemplary damages, and $600,000 in attorney's fees.

Appellant filed a motion for new trial on November 8, 2002—a day after the thirty-day period expired. *See* Tex. R. Civ. P. 329b(a). Appellant asserts that this tardiness was due to misinformation from the clerk's office; the motion for new trial recites that the judgment was signed

3

on October 11, 2002, which is three days after the court actually signed the judgment. This motion was untimely filed, and no extensions are possible under the rules. *See id.* Although this motion and related documents are contained in the appellate record, we may not consider them because the motion was not timely.

On November 26, 2002, appellant filed a notice of restricted appeal.

## DISCUSSION

Appellant is eligible to challenge this judgment by writ of error. *See* Tex. R. App. P. 30. Replacing writ of error practice, review by restricted appeal affords the appellant a review of the entire case so long as the error complained of appears on the face of the record. *Id.*; *Conseco Fin. Servicing v. Klein Indep. Sch. Dist.*, 78 S.W.3d 666, 670 (Tex. App.—Houston [14th Dist.] 2002, no pet.); *see also Norman Communications v. Texas Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997). The reviewable record includes all papers on file before the judgment as well as the reporter's record. *See Conseco*, 78 S.W.3d at 670.

In reviewing a default judgment on restricted appeal, we do not presume that citation was validly issued, served, or returned. *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994); *TAC Ams., Inc. v. Boothe*, 94 S.W.3d 315, 319 (Tex. App.—Austin 2002, no pet.). The record must show strict compliance with the rules of procedure governing service of citation and return of service. *Primate*, 884 S.W.2d at 152; *Boothe*, 94 S.W.3d at 319. Failure to affirmatively show strict compliance with the Rules of Civil Procedure renders the attempted service of process invalid and of no effect. *Boothe*, 94 S.W.3d at 319. "[A] default judgment cannot withstand direct attack by a defendant who complains that he was not served in strict compliance with applicable

4

requirements." *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990).  The rule at issue provides in relevant part as follows:

> The return of the officer or authorized person executing the citation shall be endorsed on or attached to the same; it shall state when the citation was served and the manner of service and be signed by the officer officially or by the authorized person.  The return of citation by an authorized person shall be verified.

Tex. R. Civ. P. 107.  Regarding returns of service, the supreme court opined:

> The return of service is not a trivial, formulaic document.  It has long been considered prima facie evidence of the facts recited therein.  The recitations in the return of service carry so much weight that they cannot be rebutted by the uncorroborated proof of the moving party.  The weight given to the return is no less when the recitations impeach the judgment than when they support it.

*Primate*, 884 S.W.2d at 152 (citations omitted).  Strict compliance with citation rules does not, however, require "absolute obeisance to the minutest detail," *See Herbert v. Greater Gulf Coast Enters., Inc.*, 915 S.W.2d 866, 871 (Tex. App.—Houston [1st Dist.] 1995, no writ).

Strict compliance requires that the name of the party listed in the return of service essentially match the name of the party named in the citation or petition. *See Hercules Concrete Pumping Serv., Inc. v. Bencon Mgmt. & Gen. Contracting Corp.*, 62 S.W.3d 308, 310-11 (Tex. App.—Houston [1st Dist.] 2001, pet. denied).  This requirement is not new. *See Hendon v. Pugh*, 46 Tex. 211, 212 (1876) (return showing service on "J.N. Hendon" not sufficient to show service on defendant J.W. Hendon).  In *Hercules*, the court of appeals reversed a default judgment because the return of citation reflected that "Hercules Concrete Pumping" was served, when Hercules Concrete Pumping Service, Inc. was the defendant to whom the citation was directed. *Id*. at 310-11.

5

The court of appeals held that the return failed to show proper service because there was no showing that the company in the return that lacked the word "Service" in its name was the same company as the defendant whose name included the word "Service." *Id*. at 311. The court reasoned that "[i]t is common knowledge that related corporate entities often share a portion of the same name, but are, nonetheless, separate and distinct corporate entities." *Id*. Not all discrepancies will negate service, however; omission of the business form (like "Inc."), insignificant words (like "at"), or an accent mark over a letter from a company name on the service return will not invalidate service. *See id*.; *see also Ortiz v. Avante Villa at Corpus Christi, Inc.*, 926 S.W.2d 608, 613 (Tex. App.—Corpus Christi 1996, writ denied).

The insistence by the *Hercules* court that the name in the return match the name in the citation to sustain a default judgment is consonant with holdings in similar instances by the supreme court and this Court. *Compare Hercules*, 62 S.W.3d at 311, *with Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 884-85 (Tex. 1985), *and Union Pacific Corp. v. Legg*, 49 S.W.3d 72, 78 (Tex. App.—Austin 2001, no pet.). The supreme court held that the name of the agent for service of process alleged in the petition must match the name of the agent for service upon whom process was served as reflected in the return. *See Uvalde*, 690 S.W.2d at 884-85. This Court held that the name in the citation must match the name in the petition. *Legg*, 49 S.W.3d at 78. These holdings share the underlying precept that a default judgment should stand only if the plaintiff has strictly complied with all requirements for service. *See Uvalde*, 690 S.W.2d at 885; *Hercules*, 62 S.W.3d at 309; *Legg*, 49 S.W.2d at 77.

6

The line of cases concerning misnomer, however, holds that a default judgment can stand when a defendant is misnamed in the petition and citation, but receives service and is not misled by the mistakes in its name. *See Dezso v. Harwood*, 926 S.W.2d 371, 374 (Tex. App.—Austin 1996, writ denied); *see also Enserch Corp. v. Parker*, 794 S.W.2d 2, 4-5 (Tex. 1990). In *Dezso*, a woman named Elsie Dezso operated a business known as Judi's Cupboard, Inc., which also did business as Judi's Card and Gift Shop, and allowed her son Danny to act as her agent in some contract negotiations. *Id*. at 372-73. Harwood sued the business, but named as the individual defendant Judi Dezso, Danny's wife, who had nothing to do with the transactions sued upon. *Id*. at 373. The record showed that Elsie knew that Judi had nothing to do with the business or the transactions sued upon, knew that many customers assumed that her name was Judi, and knew that the allegations in the petition were based on actions she, not Judi, had taken. *Id*. at 373-74. This Court held that the default judgment stood despite the misnomer because the record made it clear that Elsie received service and knew she was the intended defendant. *Id*. at 374. This Court relied on the following language from an opinion by the San Antonio court:

> When an intended defendant is sued under an incorrect name, jurisdiction is proper after service on defendant under misnomer, but it must be clear that no one was misled.
>
> A misnomer of a defendant does not render a judgment based on personal service, even one by default, void, provided the intention to sue the defendant actually served with citation is so evident from the pleadings and process that the defendant could not have been misled.

*Id*. (quoting *Cockrell v. Estevez*, 737 S.W.2d 138, 140 (Tex. App.—San Antonio 1987, no writ)).

The critical distinction between these misnomer cases, in which a misnamed defendant loses the case under the wrong name, and the service error cases, in which a defendant escapes a default judgment because of mistakes in the service return, appears to be in the consistency of the mistake and the demonstrated awareness by the intended defendant of the suit. *See generally P & H Transp., Inc. v. Robinson*, 930 S.W.2d 857, 859-60 (Tex. App.—Houston [1st Dist.] 1996, writ denied); *Avila v. Avila*, 843 S.W.2d 280, 281-82 (Tex. App.—El Paso 1992, no writ). If the defendant's name is consistently wrong, but the record shows that the correct defendant is served and is not misled by being misnamed, then the defendant must appear and plead the misnomer or risk having the default judgment imposed against him withstand direct attack. *See Dezso*, 926 S.W.2d at 374; *Cockrell*, 737 S.W.2d at 140. Absent strict compliance with service requirements, however, not even actual awareness of the suit by the proper defendant confers jurisdiction. *See Robinson*, 930 S.W.2d at 860.

This case is not a simple misnomer. The record reveals that appellant's name was properly alleged in the petition and on the citation, but that the citation return shows a different name. There is no showing in the record that the different names were not separate companies or that no confusion occurred because of the mistake in the return. Although Henderson's behavior is not attributable to Whitworth, appellant's agent's one-month delay in passing along citation, simultaneous renunciation of his agent status, and failure to consistently correctly use defendant's name further clouds the propriety of service.

The return of service does not show that appellant was properly served because the name of the company on the return is missing a word that is in appellant's name in the petition and

8

the citation. This omission is significant because, as the court in *Hercules* noted, companies sometimes use slight variations on word combinations to name distinct entities. *See Hercules*, 62 S.W.3d at 311. In her petition, Whitworth named "North Carolina Mutual Life Insurance Company" as the defendant. Although the citation was addressed to that entity, the return of service recites that citation was delivered to "North Carolina Mutual Insurance Company." Like the return in *Hercules*, the return in this case omitted a word from the defendant's name. We conclude that the omission of the word "Life" from the insurance company's name is significant, absent a contrary showing.

Whitworth argues that the omission of a word from appellant's name in the return is inconsequential because evidence shows that appellant received the citation and the petition. She argues that evidence shows that appellant had actual notice of the suit because Henderson, appellant's registered service agent, forwarded the citation and petition to appellant.[2] Whitworth contends that two faxed communications Henderson sent her show that appellant received citation. The first fax package included the citation, citation return, and a cover letter from Henderson to appellant discussing the citation and petition; in the letter Henderson stated that he did not remember agreeing to be appellant's registered agent, and his intention to remove himself from that role. The cover letter is addressed to appellant, but the defendant named in the "Re:" line of the heading lacks "Mutual" in its name. The attached copy of the citation return, of course, lacks the word "Life." On Henderson's second fax to Whitworth, he again omits "Mutual" from the name of the case. The

---

[2] Whitworth points to deposition testimony attached to her response to appellant's motion for new trial to show that appellant admitted receiving citation. We cannot consider this evidence on appeal because the motion for new trial was untimely filed. *See Moritz v. Preiss*, 46 Tex. Sup. Ct. J. 784, 786-87, 2003 Tex. LEXIS 77, *10-*13 (June 12, 2003) (not yet published).

certified mail receipt recites in one place that the package sent to appellant was addressed to appellant (by its full name) at 411 West Chapel Hill Street in Durham, North Carolina; in another place, the receipt states that it was sent to the same address to "North Carolina Mutual Ins. Co."—omitting "Life" from the addressee's name. Pat Allen, who signed for the certified mail, did not write the name of the company on whose behalf the certified mail was received.

Whitworth argues further that the evidence at trial, combined with the court's judgment, constitute an amendment of the citation return and a cure of any defects, citing *Higginbotham v. Gen'l Life and Accident Ins. Co.*, 796 S.W.2d 695 (Tex. 1990). In that case, the applicable law required service during business hours; the citation return showed that it was served at 12:01 p.m., but did not state that the business's hours included that particular time. At the hearing, the defendant admitted receiving service, and evidence showed that defendant's employee accepted service during regular business hours. *See id*. at 696. The supreme court held that, by quoting the business-hour requirement and finding that service was proper, the trial court necessarily found that the citation was served during business hours; the supreme court held that the court's judgment implicitly amended the citation without need for either an amended citation or a separate order. *See id*. at 696-97.

When the evidence and judgment are less specific than they were in *Higginbotham*, however, a court may refuse to infer proper service. *Compare Higginbotham*, 796 S.W.2d at 696-97, *with Benefit Planners L.L.P. v. RenCare, Ltd.*, 81 S.W.3d 855, 861 (Tex. App.—San Antonio 2002, pet. denied). In *Benefit Planners*, the return recited that the citation was delivered to "Tom P. Cusick, Jr., Reg. Agent." 81 S.W.3d at 858. The court held that, even though the citation was

10

addressed to "BENEFIT PLANNERS, L.L.P., TOM P. CUSICK, JR. (REGISTERED AGENT),"

service was defective because the return did not recite that citation was delivered to "Benefit

Planners through its registered agent." *Id.* at 858-59. The court further held that Benefit Planners

did not judicially admit proper service and waive its right to complain simply by admitting receipt

of process by the registered agent. The court concluded as follows:

> Although Cusick states that he was personally served with citation and that he is the registered agent for process for Benefit Planners, this information already appears in the citation and the return. The affidavit does not cure the defect because Cusick does not state that he was personally served with citation as registered agent for Benefit Planners. Although the implication can be drawn that Cusick was served in that capacity, strict standards govern judicial admissions, *Pitman v. Lightfoot*, 937 S.W.2d 496, 514 (Tex. App.—San Antonio 1996, writ denied), and we should not use an implication or inference to create a judicial admission particularly in the default judgment context. As previously noted, the strict compliance requirements in the default judgment context prevent us from making even the most obvious and rational inferences. *Verlander Enterprises, Inc. v. Graham*, 932 S.W.2d [259,] 262 [(Tex. App.—El Paso 1996, no writ)].
>
> The statements made in the affidavits reflect actual knowledge of the pendency of the suit, and the actions taken by Benefit Planners' representatives were consistent with that knowledge. However, actual notice to a defendant, without proper service, is not sufficient to convey upon the court jurisdiction to render a default judgment. *Wilson v. Dunn*, 800 S.W.2d [833,] 836-37 [(Tex. 1990)]. The actions taken have no relevance in the absence of proper service.

*Benefit Planners*, 81 S.W.3d at 861.

The record in this case does not support an implicit amendment of the citation return.

Rather than clarifying that the correct entity actually received the citation, the faxes from Henderson

muddle the issue by adding another variant of appellant's name. The citation return omits a word

from appellant's name, and the certified mail receipt shows that the mailing intended to rectify any

11

confusion omits a different word from appellant's name. These additional documents are not themselves returns of service, nor do they show proper service. Even if they could be construed to show that appellant had actual notice of the suit, they would not persuade us to affirm this default judgment. "Actual notice to a defendant, without proper service, is not sufficient to convey upon the court jurisdiction to render default judgment against him. *Harrell v. Mexico Cattle Co.*, 11 S.W. 863, 865 (Tex. 1889)" *See Wilson*, 800 S.W.2d at 836; *see also Benefit Planners*, 81 S.W.3d at 861. Jurisdiction requires proper service. *Wilson*, 800 S.W.2d at 836. We conclude that, in the context of a default judgment, the law considers the omission of a meaningful word from appellant's name on the return of service to be more than a minute detail. As the citation return in *Benefit Planners* was deficient for failing to state that it was served on Benefit Planners through its agent, the citation return here was deficient for omitting the word "Life" from appellant's name in the citation return. *See id.* at 859.

Further, the district court's statement in the judgment that appellant "was served with citation" does not cure the omission of the word "Life" because the record does not support such an amendment as it did in *Higginbotham*. In that case, the failure of the citation return to show that citation was served during business hours was overcome by evidence showing that citation was served during business hours, and the defect in the return was cured by the judgment reflecting that additional evidence. *Higginbotham*, 796 S.W.2d at 696-97. The record in this case shows that Henderson was appellant's agent for service of process and that he was served with citation in this case, but the record aside from the return of service (Henderson's faxes to Whitworth) adds another variant of appellant's name by omitting "Mutual" from appellant's name, thereby raising more

12

uncertainty about the propriety of service and whether Henderson received service as appellant's agent.

## CONCLUSION

We conclude that, despite indications in the record that appellant eventually received a copy of the citation and petition, the service of citation did not strictly comply with the rules of procedure; the default judgment, therefore, cannot stand. *See Primate*, 884 S.W.2d at 152; *see also Boothe,* 94 S.W.3d at 319. We need not reach appellant's other issues on appeal.

We reverse the default judgment and remand the cause for further proceedings.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Reversed and Remanded

Filed: November 6, 2003