IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00172-CR

 

Roger B. Williams,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 278th District Court

Walker County, Texas

Trial Court No. 22879

 



MEMORANDUM  Opinion










 

          Roger B. Williams was convicted of possession
of a controlled substance and sentenced to two years in state jail on March 3,
2006.  He did not make any requests that would extend the time to file a notice
of appeal; therefore, his notice of appeal was due April 2, 2006.  Tex. R. App. P. 26.2(a)(1).  Williams
filed a notice of appeal on May 4, 2006, 32 days late.  We have no jurisdiction
of an untimely filed notice of appeal.  Olivo v. State, 918 S.W.2d 519,
522 (Tex. Crim. App. 1996).

          The Clerk of this Court warned
Williams that because the notice of appeal appeared untimely, the Court may
dismiss the appeal unless a response was filed showing grounds for continuing
the appeal.  See Tex. R. App. P.
44.3.  

          Recognizing that the notice of appeal
was untimely, Williams request that this Court grant him an out of time
appeal.  We have no jurisdiction to grant that request.  Olivo v. State,
918 S.W.2d 519, 522 (Tex. Crim. App. 1996); Fowler v. State, 16 S.W.3d
426, 427-428 (Tex. App.—Waco, pet. ref’d).

          This appeal is dismissed.  

 

                                                                   TOM
GRAY

                                                                   Chief
Justice

 

Before
Chief Justice Gray,

          Justice
Vance, and

          Justice
Reyna

Appeal
dismissed

Opinion
delivered and filed August 9, 2006

Do
not publish

[CR25]






an amended
motion for new trial.  Texas MRG argues that its amended motion for new trial would
not have acted as a surprise to Schunicht because all the facts in the amended
motion were admitted as evidence on the day of the hearing.  Therefore, Texas
MRG argues that the trial court erred in denying the motion.

          However, Texas MRG filed its motion
for leave to file an amended motion for new trial more than thirty days after
the default judgment was signed and after its original motion for new trial was
overruled by operation of law on December 31.  Tex. R. Civ. P. 329b(c); Smith v. Commn. for Law. Disc.,
42 S.W.3d 362, 363 n. 3 (Tex. App.—Houston [14th Dist.] 2001, no pet.).  “One
or more amended motions for new trial may be filed without leave of court
before any preceding motion for new trial filed by the movant is overruled and
within thirty days after the judgment or other order complained of is signed.” 
Tex. R. Civ. P. 329b(b).  Though
the trial court had plenary power over the case thirty days after Texas MRG’s
motion was overruled by operation of law, Rule 5 does not allow the trial court
to enlarge the time for filing new trial motions.  Tex. R. Civ. P. 5; Moritz v. Preiss, 121 S.W.3d 715,
720 (Tex. 2003) (citing A.F. Jones & Sons v. Republic Supply Co.,
151 Tex. 90, 246 S.W.2d 853, 854 (1952)).  In Moritz, the Texas Supreme
Court held that “a trial court’s order overruling an untimely new trial motion
cannot be the basis of appellate review, even if the trial court acts within
its plenary power period.”  Id. (citing Thomas v. Davis, 553
S.W.2d 624, 626 (Tex. 1977)).  Similarly, the trial court’s denial of Texas
MRG’s motion for leave to file an amended motion for new trial is not preserved
for our review.  We overrule Texas MRG’s third issue.

II. Default Judgment

          Texas MRG argues that the court erred in
denying its motion for new trial because the service of citation was improper
and the requirements of the Craddock test are met.

          We review the denial of a motion for
new trial for an abuse of discretion.  Limestone Const., Inc. v. Summit Commercial Indus. Prop., Inc., 143 S.W.3d 538, 542 (Tex. App.—Austin 2004, no
pet.).  Texas MRG’s motion for new trial was overruled by operation of law.  Tex. R. Civ. P. 329b(c).  Therefore, we
look to whether the trial court abused its discretion in allowing the motion to
be overruled.  Bank One of Tex., N.A. v. Moody, 830 S.W.2d 81, 85 (Tex. 1992); Limestone Const., Inc., 143 S.W.3d at 542.  A trial court abuses its
discretion when it acts arbitrarily or without reference to guiding legal
principles.  Cire v. Cummings, 134 S.W.3d 835, 838 (Tex. 2004); Limestone
Const., Inc., 143 S.W.3d at 542.

          Also, we must determine what evidence we
may consider in analyzing whether the trial court abused its discretion in denying
Texas MRG’s motion for new trial.  The trial court held a hearing after Texas
MRG’s original motion for new trial was overruled by operation of law, yet
still within the trial court’s plenary power.  At the hearing, the trial court
admitted evidence that was attached to Texas MRG’s untimely amended motion for
new trial, though the court denied leave to file the amended motion.  As stated
above, the Texas Supreme Court has held that an untimely filed motion for new
trial cannot be considered on appellate review.  Moritz, 121 S.W.3d at
720.  The question becomes whether we can consider the evidence Texas MRG admitted
at the hearing in deciding whether the trial court abused its discretion.  

          In Moritz, the Texas Supreme
Court held:

If the trial court ignores the tardy motion [for
new trial], it is ineffectual for any purpose.  The court, however, may look to
the motion for guidance in the exercise of its inherent power and acting before
its plenary power has expired, may grant a new trial; but if the court denies a
new trial, the belated motion is a nullity and supplies no basis for
consideration upon appeal of grounds which were required to be set forth in a
timely motion.  

 

Moritz,
121 S.W.3d at 720.

          In this case, the court had plenary
power to hold a hearing and to consider any evidence raised at that hearing,
including evidence attached to Texas MRG’s amended motion for new trial.  Id.  However, the trial court denied Texas MRG’s motion for new trial.  Upon this
decision, Texas MRG’s untimely amended motion for new trial and the evidence
attached to it became a nullity.  Id; Bank of Tex., N.A., v. Mexia,
135 S.W.3d 356, 359-60 (Tex. App.—Dallas 2004, pet. denied); see also Mindis
Metals, Inc. v. Oilfield Motor & Control, Inc., 132 S.W.3d 477, 490 n.9
(Tex. App.—Houston [14th Dist.] 2004, pet. denied) (finding that under Moritz,
the trial court could consider the grounds raised in Oilfield’s untimely
supplemental motion because it granted the motion to vacate while it retained
plenary power).  Therefore, we cannot consider any grounds for appeal contained
in the untimely motion for new trial along with any evidence attached to the
untimely motion that was considered by the trial court.  Our review is limited
to Texas MRG’s original motion for new trial and evidence connected to the
motion.  Moritz, 121 S.W.3d at 720.

A. Improper Service

          Texas MRG argues in its first issue that
service of process was improper because the citation names the wrong party.  Texas
MRG argues that citation reflects that “Texas MRG, Inc.” is the defendant, when
“Texas Mortgage & Real Estate Group, Inc.” is the proper party and was
never served.  However, this is the argument Texas MRG makes in its untimely
motion for new trial and we may not consider it.  Moritz, 121 S.W.3d at
720.  Texas MRG argues in its original motion for new trial that “Texas MRG,
Inc.” was never served process, had no knowledge of the lawsuit, and that the
statements of the process server in the return of service were false.

          In reviewing a default judgment, there
is no presumption in favor of a valid issuance of service of process.  Primate
Constr., Inc. v. Silver, 884 S.W.2d 151, 152 (Tex. 1994); N. C. Mut.
Life Ins. Co. v. Whitworth, 124 S.W.3d 714, 717 (Tex. App.—Austin 2003,
pet. denied).  In order for a default judgment to withstand direct attack,
strict compliance with the rules of service of citation must affirmatively
appear on the record.  Primate Constr., Inc., 884 S.W.2d at 152; Whitworth,
124 S.W.3d at 718.  Failure to affirmatively show strict compliance with the
Rules of Civil Procedure renders the attempted service of process invalid and
of no effect.  Strict compliance requires that the name of the party listed in
the return of service essentially match the name of the party named in the
citation or petition.  See Hercules Concrete Pumping Serv., Inc. v. Bencon
Mgmt. & Gen. Contracting Corp., 62 S.W.3d 308, 310-11 (Tex.
App.—Houston [1st Dist.] 2001, pet. denied).   

          Schunicht’s petition lists “Texas MRG,
Inc.” and “Marshall Hussain” as defendants.  The citation for Hussain reflects
that “Marshall Hussain” was personally served with process on March 21, 2003. 
The citation for Texas MRG reflects that “Texas MRG, Inc., President Marshall
Hussain” was personally served with process on March 21, 2003.  The return of
service for Hussain states that a true copy of the citation and petition was
delivered in person to “Marshall Hussain” and was verified.  The return of
service for Texas MRG states that a true copy of the citation and petition was
delivered in person to “Texas MRG, Inc.” and was verified.  “As long as the
record as a whole, including the petition, citation, and return, shows that the
citation was served on the defendant in the suit, service of process will not
be invalidated.”  Williams v. Williams, 150 S.W.3d 436, 444 (Tex.
App.—Austin 2004, pet. denied).  Given the foregoing, it is clear that Texas
MRG was properly served with process.  See Tex. R. Civ. P. 106, 107.  Therefore, the trial court did not
abuse its discretion in denying Texas MRG’s motion for new trial.  Limestone
Const., Inc., 143 S.W.3d at 542.  We overrule Texas MRG’s first issue.   

B. Craddock

          Texas MRG argues in its second issue
that the trial court erred in denying its motion for new trial because the
elements of the Craddock test are met.  Under the Craddock test, a
default judgment will be set aside and a new trial ordered if: (1) the
defendant’s failure to answer was not intentional, or the result of conscious
indifference, but was due to mistake or accident; (2) the motion sets up a
meritorious defense; and (3) the motion is filed at a time when granting the
motion would not delay or injure the plaintiff.  Craddock v. Sunshine Bus
Lines, Inc., 134 Tex. 388, 133 S.W.2d 124, 126 (1939).  If all three elements
are met, then the trial court abuses its discretion by denying the motion for
new trial.  Lara v. Rosales, 159 S.W.3d 121, 123 (Tex. App.—Corpus
Christi 2004, pet. denied) (citing Dir. State Employees Workers' Comp. Div.
v. Evans, 889 S.W.2d 266, 268 (Tex. 1994)).  

          Under Texas MRG’s original motion for
new trial, Texas MRG argues that it did not receive service of process and that
it has a meritorious defense.  Texas MRG does not offer any evidence that its
failure to answer is due to mistake or accident nor does it offer any
explanation of its failure to answer.  Further, Texas MRG fails to state that
granting the motion would not delay or injure Schunicht.  Looking exclusively
to Texas MRG’s original motion for new trial, the Craddock elements have
not been met.  Craddock, 133 S.W.2d at 126.  Therefore, the trial court
did not abuse its discretion in denying Texas MRG’s motion for new trial.  Limestone
Const., Inc., 143 S.W.3d at 542.  We overrule Texas MRG’s second issue.

Conclusion

          Having overruled Texas MRG’s issues,
we affirm the judgment of the trial court.

 

                                                                   FELIPE
REYNA

                                                                   Justice

Before Chief Justice
Gray,

          Justice
Vance, and

          Justice Reyna

Affirmed

Opinion delivered and
filed July 20, 2005

[CV06]