Affirmed and Memorandum Opinion filed September 4, 2007








Affirmed and Memorandum Opinion filed September 4, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-01251-CV

____________

 

BANK REPOSSESSED CAR CO. d/b/a
THRIFTY CAR SALES, Appellant

 

V.

 

WHO=S CALLING, INC., Appellee

 



 

On Appeal from the County
Civil Court at Law No. 2

Harris County, Texas

Trial Court Cause No. 828,104

 



 

M E M O R A N D U M  O P I N I O N

This is a restricted appeal from a no-answer default
judgment.  In a single issue, appellant Bank Repossessed Car Company d/b/a
Thrifty Car Sales (AThrifty@) contends the
trial court did not have jurisdiction to render a default judgment due to
defects in service of process.  We affirm. 

 

 








Factual and Procedural background

Appellee Who=s Calling, Inc. (AWho=s Calling@) filed suit
against Thrifty for damages and attorney=s fees arising
from Thrifty=s alleged breach of a written contract.  Pursuant to
article 2.11(B) of the Texas Business Corporation Act, Who=s Calling served
Thrifty by way of substitute service upon the Secretary of State of the State
of Texas.  See Tex. Bus. Corp. Act Ann. art. 2.11(B) (Vernon Supp.
2003).[1] 
On May 2, 2005, the Secretary of State forwarded the citation and Plaintiff=s First Amended
Original Petition, by certified mail, to Thrifty=s registered agent
at its registered address.  The process was returned to the office of the
Secretary of State on May 16, 2005, bearing the notation AAttempted - Not
Known.@

On June 10, 2005, Who=s Calling filed a
motion for default judgment.  The trial court granted Who=s Calling=s motion on June
13, 2005.  Thrifty timely filed a notice of its restricted appeal on December
14, 2005.  

Discussion

I. Standard of
Review








An appellant filing a restricted appeal must demonstrate
the following elements: (1) the appellant appealed within six months after the
judgment was rendered; (2) the appellant was a party to the suit; (3) the
appellant did not participate in the actual trial of the case; and (4) error
appears on the face of the record.   See Tex. R. App. P. 30; Quaestor Inv., Inc. v. State
of Chiapas, 997 S.W.2d 226, 227 (Tex. 1999).  Because the parties do not
dispute that the first three elements of a restricted appeal have been met, we
address whether error appears on the face of the record.

Thrifty makes two arguments in support of its claim of
defective service.  In its first argument, Thrifty contends service of process
was defective because the citation and return are not consistent.  In its
second argument, Thrifty contends service was defective because the appellate
record does not contain a certificate from the Secretary of State affirmatively
showing that the Secretary of State forwarded a copy of the petition to
Thrifty.[2]

II.
The Citation and Return are Consistent

In its first argument, Thrifty contends the citation and
return are not consistent because the citation purports to serve Manoocher
Babaahmadi at Thrifty=s registered office, and the return
purports to serve Thrifty through the Secretary of State.  Thrifty does not
claim it was improperly named in Plaintiff=s First Amended
Original Petition, the citation, or the return.








In reviewing a default judgment, there is no presumption in
favor of valid issuance of service of process.  Primate Constr., Inc. v.
Silver, 884 S.W.2d 151, 152 (Tex. 1994); N. C. Mut. Life Ins. Co. v.
Whitworth, 124 S.W.3d 714, 717 (Tex. App.CAustin 2003, pet.
denied).  In order for a default judgment to withstand direct attack, strict
compliance with the rules of service of citation must affirmatively appear on
the record.  Whitworth, 124 S.W.3d at 718.  Failure to affirmatively
show strict compliance with the Rules of Civil Procedure renders the attempted
service of process invalid and of no effect. Id.  Texas Rule of Civil
Procedure 107 provides that A[t]he return of the officer or authorized
person executing the citation shall be endorsed on or attached to the same; it
shall state when the citation was served and the manner of service and be
signed by the officer officially or by the authorized person.@  Tex. R. Civ. P.
107.  The recitations in the return are prima facie evidence of the facts
recited in the return.  Primate Constr., Inc., 884 S.W.2d at 152.      

In this case, contrary to Thrifty=s contention, the
citation is directed ATo: Bank Repossessed Car Co., a
Corporation Doing Business as Thrifty Car Sales Incorporated by the Secretary
of State of the State of Texas.@  The citation also recites Thrifty=s address in the
following manner: ADefs. Adrs: Manoocher Babaahmadi, at the
Registered Office, 7723 Moonmist, Houston, TX 77036.@[3]  The name of
Thrifty=s registered agent
and the address of Thrifty=s registered office were included in the
citation to aid the Secretary of State in attempting service upon Thrifty by
certified mail, which it did.[4] 
The language of the citation directs service upon Thrifty Aby the Secretary
of State of the State of Texas.@  The officer=s return provides
that copies of the petition and citation were delivered to Thrifty Aby delivering to
Roger Williams, Secretary of State of the State of Texas, at 1019 Brazos
Street, Austin, Texas, 78701, by delivering to LORENA BERNAL designated agent
for service for the Secretary of State . . . .@ 

Who=s Calling=s First Amended
Original Petition alleges:








The Defendant corporation, a Texas
domestic corporation, a corporation for profit and subject to the provisions of
the Texas Business Corporation Act, incorporated by Articles of Incorporation
issued by the Secretary of State of the State of Texas, may be served with
citation pursuant to Section B of said Article 2.11, by reason of the following
premises.  The Defendant corporation has failed to maintain a Registered Agent
in the State of Texas.  The Defendant=s Registered Agent
cannot, with reasonable diligence, be found at the Registered Office. 
Therefore, the Secretary of State of the State of Texas is an agent for the
Defendant corporation and process may be served upon the Secretary of State of
Texas as agent for the Defendant corporation.[5]

Our review of the papers on file with the trial court at
the time it entered the default judgment against Thrifty, including the amended
petition, citation, and return, clearly reflects that the amended petition and
citation were served upon Thrifty through the Secretary of State, which was
identified as Thrifty=s registered agent.  See Uvalde Country
Club v. Martin Linen Supply Co., Inc., 690 S.W.2d 884, 884B85 (Tex. 1985)
(holding the name of the agent for service of process alleged in plaintiff=s petition must
match the name of the agent upon who process was served as reflected in the
return).  We overrule Thrifty=s argument that error appears on the face
of the record because the citation and return are not consistent.

III.
A Certificate From the Secretary of State is Part of the Appellate Record 








In its second argument, Thrifty claims service was
defective because the record does not contain a certificate from the Secretary
of State showing that the Secretary of State forwarded a copy of the process to
Thrifty.  See Whitney
v. L & L Realty Corp., 500 S.W.2d 94, 96 (Tex. 1973) (holding a showing in the record that the
Secretary of State forwarded a copy of the process is essential to establish
the court=s jurisdiction).  The supplemental clerk=s record filed in
this court on March 16, 2007 contains a certificate issued by the Secretary of
State on May 17, 2005.  The certificate provides that a copy of the citation
and Plaintiff=s First Amended Original Petition were received by the
Secretary of State and forwarded, by certified mail, to Bank Repossessed Car
Co., Manoocher Babaahmadi, 7723 Moonmist, Houston, TX 77036.  The certificate
further provides, AThe PROCESS was returned to this office on
May 16, 2005, bearing the notation Attempted - Not Known.@ Because the
record contains a certificate from the Secretary of State affirmatively showing
that the Secretary of State forwarded a copy of the process to Thrifty, we
conclude error is not apparent on the face of the record and overrule appellant=s second
argument.  

Appellant=s first issue is overruled.

Conclusion

Having considered and overruled appellant=s single issue on
appeal, we affirm the judgment of the trial court.

 

 

 

 

/s/      John S. Anderson

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed September 4, 2007.

Panel consists of
Justices Anderson, Fowler, and Seymore.









[1]  Article 2.11(B) provides:

Whenever a corporation shall fail to appoint or
maintain a registered agent in this State, or whenever its registered agent
cannot with reasonable diligence be found at the registered office, then the
Secretary of State shall be an agent of such corporation upon whom any such
process, notice, or demand may be served. . . . 

Tex. Bus. Corp. Act Ann. art.
2.11(B). In its First Amended Original
Petition, Who=s Calling alleges Thrifty=s registered agent cannot, with reasonable diligence,
be found at the registered office.  Thrifty makes no arguments on appeal
regarding the use of reasonable diligence by Who=s Calling.





[2]  Such a certificate from the Secretary of State is
known as a AWhitney certificate@
based on the style of the case in which the Texas Supreme Court first held such
a certificate was necessary.  See Whitney v. L & L Realty Corp., 500
S.W.2d 94, 96 (Tex. 1973); Harvestons Securities, Inc. v. Narnia Inv., Ltd.,
218 S.W.3d 126, 131 n.6 (Tex. App.CHouston
[14th Dist.] 2007, pet. filed). 





[3]   Thrifty=s registered agent is Manoocher
Babaahmadi.  Thrifty=s registered office is located at
7723 Moonmist, Houston, TX 77036. 





[4]  A certificate issued by the Secretary of State on May 17, 2005 provides
that a copy of the citation and Plaintiff=s First Amended Original petition was received by the
Secretary of State and forwarded, by certified mail, to ABank Repossessed Car Co., Manoocher
Babaahmadi, 7723 Moonmist, Houston, TX 77036.@ 





[5]  In the context of a no-answer default judgment,
these factual statements in the amended petition are deemed admitted. Holt
Atherton Indus. v. Heine 835 S.W.2d 80, 83 (Tex. 1992).