# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00091-CV

### Silver B & Laviolette, LLC, Appellant

### v.

### GH Contracting, Inc., Appellee

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT
### NO. D-1-GN-09-001937, HONORABLE GISELA D. TRIANA-DOYAL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Silver B & Laviolette, LLC, brings this restricted appeal to challenge a no-answer default judgment obtained against it by appellee GH Contracting, Inc., in a breach of contract case. Silver B asserts that the default judgment should be overturned because of improper service of process. In a single issue, Silver B contends that service on Silver B lacked strict compliance with the rules of service because the address on the return of service does not match the address on the citation. Because we conclude that Silver B has failed to demonstrate error on the face of the record, we affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

In May 2008, GH Contracting, Inc., entered into a contract with Silver B to provide labor, materials, and equipment for a residential construction project. In June 2009, GH Contracting, Inc., filed suit against Silver B and Wayne Laviolette, its managing member and registered agent,

asserting breach of contract and *quantum meruit* claims to recover sums it contended Silver B had failed to pay under the parties' contract and seeking foreclosure of its mechanic's lien on the property. The petition stated that Laviolette could be served individually and in his capacity as Silver B's registered agent at Silver B's registered office address, 9430 Research Blvd., Suite 180, Echelon IV, Austin, Travis County, Texas 78759. Citations were issued to "Silver B and Laviolette LLC by serving its registered agent, Wayne Laviolette" and to Laviolette, both at the registered office address cited in the petition.

Although it is not clear from the record, it appears that at some point, the process server communicated with Laviolette about service, and Laviolette went to the process server's office to accept the citations.[1] The executed return of service on Silver B[2] states:

> Executed at 221 E. 9th Street, Austin TX 78701, within the County of Travis, by delivering to SILVER B. AND LAVIOLETTE LLC, by delivering to its registered agent, WAYNE LAVIOLETTE, in person, a true copy of the above specified civil process, having first endorsed on such copy the date of delivery.

There is no dispute that Laviolette was personally served at the address stated in the return.

Both defendants failed to answer, and the trial court entered a default judgment against Silver B and Laviolette in the amount of $653,214.35, including principal damages, prejudgment interest, and attorney's fees, as well as postjudgment interest, court costs and attorney's

---

[1] In its briefing, GH Contracting, Inc., states that "Laviolette travelled to the process server's office to personally retrieve the citations." Silver B offers no explanation as to whose address the address stated in the return is or why Laviolette, as registered agent for Silver B, accepted service at that location.

[2] Laviolette, individually, is not a party to this appeal.

fees on appeal. The judgment also ordered foreclosure of the mechanic's lien to satisfy the judgment. After the judgment was entered, Rudy Belton purchased the judgment from GH Contracting, Inc., which filed an Assignment of Judgment and Judgment Liens with the trial court.[3] Silver B subsequently filed a timely notice of restricted appeal.

## ANALYSIS

**Restricted Appeal**

In a restricted appeal, a party must satisfy four elements to obtain reversal of the underlying judgment: (1) A notice of appeal must be brought within six months of the date of judgment, (2) by a party to the suit, (3) who did not participate at trial and did not timely file a postjudgment motion, request for findings of fact and conclusions of law, or notice of appeal, and (4) error must be apparent from the face of the record. *See* Tex. R. App. P. 26.1(c); *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). Here, the only disputed element is whether error exists on the face of the record that would require reversal of the default judgment. For purposes of a restricted appeal, the record consists of all papers filed in the appeal, including the statement of facts. *Norman Commc'ns v. Texas Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam). However, the rule in Texas "has long been that evidence not before the trial court prior to final judgment may not be considered in a [restricted appeal] proceeding." *General Elec. Co. v. Falcon Ridge Apartments, Joint Venture*, 811 S.W.2d 942, 944 (Tex. 1991) (citations omitted).

---

[3] By virtue of the assignment, Belton is the real party in interest and has joined in GH Contracting, Inc.'s Appellee's Brief.

**Return of Service**

It is well established that strict compliance with the rules of service must be evident from the face of the record for a reviewing court to uphold a default judgment. *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (citations omitted). If strict compliance is not shown, the service of process is "invalid and of no effect." *Ulvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985) (per curiam). Further, in contrast to the usual rule that all presumptions will be made in support of a judgment, when a default judgment is challenged, "[t]here are no presumptions in favor of valid issuance, service, and return of citation . . . ." *Primate Constr.*, 884 S.W.2d at 152. It is the responsibility of the party who obtains the default judgment to see that service of process is properly accomplished, *see* Tex. R. Civ. P. 99(a), and the responsibility "extends to seeing that service is properly reflected in the record," independent of recitals in the default judgment. *See Primate Constr.*, 884 S.W.2d at 153; *Hunt v. Yepez*, No. 03-04-00244-CV, 2005 Tex. App. LEXIS 6964, at \*7-8 (Tex. App.—Austin Aug. 24, 2005, no pet.) (mem. op.).

Rule 107 of the Texas Rules of Civil Procedure governs the return of service and provides in relevant part as follows:

> The return of the officer or authorized person executing the citation shall be endorsed on or attached to the same; it shall state when the citation was served and the manner of service and be signed by the officer officially or by the authorized person. The return of citation by an authorized person shall be verified.

Tex. R. Civ. P. 107. The return of service is not a trivial or merely formulaic document. *Primate Constr.*, 884 S.W.2d at 152. If any of the requirements of Rule 107 are not met, the return is fatally defective and will not support a default judgment under direct attack. *See Travieso*

4

*v. Travieso*, 649 S.W.2d 818, 820 (Tex. App.—San Antonio 1983, no writ); *Rowsey v. Matetich*, No. 03-08-00727-CV, 2010 Tex. App. LEXIS 6532, at *19 (Tex. App.—Austin Aug. 12, 2010, no pet.) (mem. op.). Strict compliance, however, does not require "'obeisance to the minutest detail.'" *Williams v. Williams*, 150 S.W.3d 436, 443-44 (Tex. App.—Austin 2004, pet. denied) (quoting *Ortiz v. Avante Villa at Corpus Christi, Inc.*, 926 S.W.2d 608, 613 (Tex. App.—Corpus Christi 1996, writ denied); *Herbert v. Greater Gulf Coast Enters., Inc.*, 915 S.W.2d 866, 871 (Tex. App.—Houston [1st Dist.] 1995, no writ)). As long as the record as a whole shows that the citation was served on the defendant, service of process will not be invalidated. *Id.* at 444 (citations omitted).

Silver B contends that the return of service contains a fatal defect requiring reversal of the default judgment. Specifically, Silver B argues that because the address on the return of service does not match the address on the citation, service did not strictly comply with the rules governing a valid return of citation. We disagree. Although it is clear from the face of the record that the address on the return of service differs from the address in the citation, Rule 107 does not require that the citation and return recite the same address. *See* Tex. R. Civ. P 107. Nor does Rule 106 state that when a party is personally served, as in this case, service must be at the address listed in the citation. *See* Tex. R. Civ. P. 106(a); *Then West, Inc./Bait House, Inc. v. Sorrells*, No. 05-01-01874-CV, 2002 Tex. App. LEXIS 4596, at *12 (Tex. App.—Dallas June 28, 2002, no pet.) (not designated for publication).

Moreover, in this case, it is clear that the return strictly complies with the express requirements of Rule 107. The return states that Silver B was served by delivery to its registered

agent, Laviolette, in person, at the time and date recited. Significantly, Silver B does not dispute that its registered agent was personally served at the address stated in the return of citation.

When faced with similar facts, our sister courts have found no error on the face of the record. In *Garcia v. Gutierrez*, Garcia contended that service was defective because he was served at a different address from that stated on the citation. 697 S.W.2d 758, 760 (Tex. App.—Corpus Christi 1985, no writ). The court acknowledged the requirement of strict compliance but stated, "[W]here as here, the return affirmatively states that it was served on the named defendant, we hold, he may be served wherever he can be found in the county, and the person executing the citation is not limited to the address mentioned." *Id.*

Silver B attempts to distinguish *Garcia* on the ground that it involved service on an individual defendant rather than on an entity through its registered agent. However, there is no distinction in the rules between service on individuals and service on entities. *See generally* Tex. R. Civ. P. 99-119. Moreover, other courts have cited *Garcia* in applying the same reasoning to service on registered agents. *See Westcliffe, Inc. v. Bear Creek Constr., Ltd.*, 105 S.W.3d 286, 291 (Tex. App.—Dallas 2003, no pet.) (process server authorized to serve citation on registered agent wherever found, and correction of typographical error in address on citation did not invalidate service); *Then West*, 2002 Tex. App. LEXIS 4596, at *12-13 (registered agent may be served wherever found and difference between address in petition and address on citation and return did not invalidate personal service).[4]

---

[4] *See also Eagle Commercial Builders, Inc. v. Milam & Co. Painting, Inc.*, No. 07-01-0310-CV, 2002 Tex. App. LEXIS 5851 (Tex. App.—Amarillo Aug. 12, 2002, pet. denied) (not designated for publication). In *Eagle Commercial Builders*, on facts similar to those in this case, citation was

Silver B also urges that we not follow *Garcia* because it is contrary to this Court's decision in *North Carolina Mutual Life Insurance Co. v. Whitworth*, 124 S.W.3d 714 (Tex. App. —Austin 2003, pet. denied). *North Carolina Mutual Life*, however, is distinguishable from the instant case in that, while there was a discrepancy between the address on the citation and the address on the return of service in that case, it was decided on the issue of a variance in the names on the citation and on the return of service,[5] not on the issue of the difference in addresses. *See id.* at 718-22. In fact, this Court noted that the record showed the registered agent had moved to the new address where citation was served before addressing only the issue of the variance in names. *Id.* at 716. In addition, although there was personal service on North Carolina Mutual Life's registered agent, because of confusion about the agent's status,[6] there was conflicting evidence regarding actual

_____

issued to Eagle's registered agent at Eagle's registered office address. *Id.* at *3. The constable wrote, above the typed address, another address, which apparently was the agent's home address, and served the agent at the home address. *Id.* at *3-4. In holding that strict compliance does not require service of a registered agent at the registered office address, the court impliedly found that service on a registered agent at an address different from that on the citation does not invalidate service. *See id.* at *8.

[5] The citation was issued to North Carolina Mutual Life Insurance Company, but the return omitted the word "Life." *North Carolina Mut. Life Ins. Co. v. Whitworth*, 124 S.W.3d 714, 716 (Tex. App. —Austin 2003, pet. denied). This Court concluded that because "companies sometimes use slight variations on word combinations to name distinct entities . . . the omission of the word 'Life' . . . [was] significant." *Id.* at 720. Moreover, there was "no showing in the record that the different names were not separate companies." *Id.*

[6] Citation was served on the registered agent whose name was on file in the secretary of state's office. *Id.* at 717. However, the evidence showed that he did "not recall ever agreeing to serve" as the company's registered agent and, in a letter forwarding the petition to the company more than one month after service, he requested that the company appoint another agent and stated his intention to remove his name as the company's agent. *Id.*

7

receipt by the company.[7] *See id.* at 720. Because the issue in *North Carolina Mutual Life* was a discrepancy in names, not addresses, and because there were questions regarding the company's registered agent and receipt of citation, we do not find *North Carolina Mutual Life* controlling on the facts in this case.

Moreover, other courts have found that discrepancies between the addresses in the citation and in the return do not invalidate service. In *Myan Management Group, L.L.C. v. Adam Sparks Family Revocable Trust*, Myan argued that the return was invalid because it listed a different suite number for Myan's registered agent from that stated in the citation. 292 S.W.3d 750, 754 (Tex. App.—Dallas 2009, no pet.). The court disagreed, noting that Rule 107 does not require that the return include an address and stating that "the law is settled that listing a different address on the return and citation will not render service invalid." *Id.* (citing *Garcia*, 697 S.W.2d at 760).

Similarly, in *Cotton Patch Cafe, Inc. v. McCarty*, the return of service stated a different zip code from that on the citation. No. 02-05-082-CV, 2006 Tex. App. LEXIS 1833, at *19-20 (Tex. App.—Fort Worth Mar. 9, 2006, no pet.) (mem. op.). Cotton Patch argued that the numerical discrepancy constituted error on the face of the record. *Id.* at 20-21. The court disagreed, stating that "because the return of citation complies with Rule 107, because Cotton Patch does not

---

[7] In forwarding information to the company, the agent used yet another variant of the company name, and the certified mail return receipts also contained conflicting variations on the name. *Id.* at 720. In addition, the return receipts did not indicate the name of the company on whose behalf the mail was received. *Id.* The court noted that these variances "rais[ed] more uncertainty about the propriety of service," *id.* at 722, and concluded that "despite indications in the record that [North Carolina Mutual Life] eventually received a copy of the citation and petition, the service of citation did not strictly comply with the rules of procedure . . ." and the return was deficient because of the discrepancy between the name of the company as recited on the citation and as stated on the return. *Id.*

8

claim that it did not receive service, and because the citation and return show that citation was actually served on Cotton Patch's registered agent, we hold that the service was not defective . . . ." *Id.* at 21-22.

Silver B also relies on *Mendoza v. R.O.T., Inc.*, No. 04-00-00163-CV, 2000 Tex. App. LEXIS 6077 (Tex. App.—San Antonio Sept. 6, 2000, no pet.) (not designated for publication). *Mendoza*, however, involved discrepancies between the address recited in the petition for service on several defendants and the varying addresses stated in the citations and returns, as well as multiple errors on the returns, and is distinguishable on its facts. In *Mendoza*, R.O.T. sued seven corporate and individual residents of the Republic of Mexico and stated in its petition that all seven could be served at the same address in Mexico. *Id.* at *4-5. The record showed that all seven returns were served in a different state from that recited in the petition. *Id.* at *6-8. In addition, the record showed that four were also served in a different state from that stated in the citation, none of the returns was signed, two had variances in the defendants' names, and two stated that they had been served in the County of Mexico although Mexico has no counties.[8] *Id.* Noting that each citation indicated service at a different location from that stated in the petition, the court held that service was

---

[8] The record also showed that although the citations were purportedly served in Mexico, none were translated into Spanish, *Mendoza v. R.O.T., Inc.*, No. 04-00-00163-CV, 2000 Tex. App. LEXIS 6077, at *5 (Tex. App.—San Antonio Sept. 6, 2000, no pet.) (not designated for publication) and that, based on the times noted for receipt by the process server and service on defendants, the process server was able to obtain the citations in Laredo, Texas, fly to Mexico City, go through customs and immigration, travel from the airport to the defendants' offices, and serve them in three hours and 40 minutes. *Id.* at *5 n.2. In addition, the record did not reflect whether the defendants received personal service or actual notice, *see id.* at *5, and R.O.T. did not file an appellate brief. *Id.* at *2.

9

invalid.[9] *Id.* at *8-9. Because of the differing issues involved and the multiple errors on the face of the record in *Mendoza*, we find it inapplicable when, as here, personal service on the registered agent is undisputed, and we decline to follow it.

Silver B's sole complaint is that the address on the return differed from that on the citation. The rules of service, however, do not require that the two addresses be the same or that service be at the address stated in the citation. *See* Tex. R. Civ. P. 99, 106, 107. In fact, the rules do not even require that the return include an address. *See* Tex. R. Civ. P. 107. Because the return complied with Rule 107, and because Silver B does not dispute that it was served by personal service on its registered agent, we conclude that the return meets the standard of strict compliance, *see Primate Constr., Inc.*, 884 S.W.2d at 152, and that there is nothing on the face of the record that demonstrates defective service. We overrule Silver B's single issue.

**CONCLUSION**

Having overruled Silver B's only challenge to the default judgment, we affirm the district court's judgment.

---

[9] In its holding, the court states that "[s]ervice at an incorrect address is a ground upon which default judgment will be set aside," citing *Royal Surplus Lines Insurance Co. v. Samaria Baptist Church*, 840 S.W.2d 382, 383 (Tex. 1992). *Mendoza v. R.O.T., Inc.*, No. 04-00-00163-CV, 2000 Tex. App. LEXIS 6077, at *8 (Tex. App.—San Antonio Sept. 6, 2000, no pet.) (not designated for publication). However, we find that to be an overly broad reading of *Royal Surplus Lines*, which involved service on the secretary of state by certified mail. The supreme court's narrow holding in that case was that "[a] typographical error in the forwarding address typed by the Secretary is grounds to set aside a default judgment based on substituted service." 840 S.W.2d at 383. Therefore, *Royal Surplus Lines* is inapplicable on the facts in the record before us, where personal service on the registered agent is undisputed. *See also Then West,* 2002 Tex. App. LEXIS 4596, at *12-13 (difference between address in petition and address on citation and return does not invalidate personal service).

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear, and Henson

Affirmed

Filed:   October 12, 2010