# Court of Appeals
## Tenth Appellate District of Texas

---

No. 10-24-00209-CV

---

In the Matter of the Marriage of
Raul Rodriguez Garcia and Elsa Gallegos Alvarado
and in the Interest of A.R.G., a Child

---

On appeal from the
County Court at Law of Navarro County, Texas
Judge Amanda Putman, presiding
Trial Court No. C23-31631-CV

---

CHIEF JUSTICE JOHNSON delivered the opinion of the Court.

**MEMORANDUM OPINION**

This is a restricted appeal from the trial court's grant of a default final decree of divorce in favor of Appellee, Raul Rodriguez Garcia. *See* TEX. R. APP. P. 30. Appellant, Elsa Gallegos Alvarado, challenges the trial court's default final decree of divorce contending that service was deficient. We will reverse and remand.

## I. Procedural Background

Raul filed an original petition for divorce on September 22, 2023, and a citation was issued by the trial court clerk on September 25, 2023, to Elsa with a service address in Mexico. The citation, return, and a DHL tracking sheet were subsequently filed with the trial court clerk on February 12, 2024. The DHL tracking sheet reflected delivery of an item on November 1, 2023. A proposed default final decree of divorce was filed with the trial court clerk on February 12, 2024, and was signed by the trial judge on February 28, 2024. Elsa filed her notice of restricted appeal with the trial court clerk on July 2, 2024.

## II. Authority

As a restricted appeal, Elsa must establish each of the following:

(1) she filed a notice of restricted appeal within six months after the trial court's judgment was signed;

(2) she was a party to the underlying suit;

(3) she did not participate in the hearing that resulted in the judgment of which she complains, and did not timely file any post judgment motions or requests for findings of fact and conclusions of law; and

(4) error is apparent on the face of the record.

*Ex parte E.H.*, 602 S.W.3d 486, 495 (Tex. 2020); *see also* TEX. R. APP. P. 26.1(c), 30. The first three requirements for a restricted appeal are

jurisdictional. *Ex parte E.H.*, 602 S.W.3d at 496–97. The fourth requirement focuses on the merits of Appellant's grounds for appeal. *Id.* at 497.

The "face of the record" consists of the papers on file with the trial court when it rendered judgment, and we may not consider evidence unless it was before the trial court when it rendered judgment. *See General Elec. Co. v. Falcon Ridge Apartments*, 811 S.W.2d 942, 944 (Tex. 1991). There are no presumptions in favor of valid issuance, service, and return of citation in the face of an attack on a default judgment by restricted appeal. *Freebird Bail Bonds v. State*, No. 10-11-00301-CR, 2013 WL 3969833, at *2 (Tex. App.—Waco Aug. 1, 2013, no pet.) (mem. op.) (citing *TAC Americas, Inc. v. Boothe*, 94 S.W.3d 315, 318 (Tex. App.—Austin 2002, no pet.); *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994)). The record on appeal in this case consists of the clerk's record and a supplemental clerk's record. Strict compliance with the rules governing service of citation is mandatory if a default judgment is to withstand an attack on appeal and failure to comply with the rules constitutes error on the face of the record. *Ins. Co. of State of Pennsylvania v. Lejeune*, 297 S.W.3d 254, 256 (Tex. 2009).

## III. Discussion

Here, it is undisputed by the parties that Elsa has satisfied the three jurisdictional requirements. Therefore, we only address whether error is apparent on the face of the record. The clerk's record before us contains a

return that is incomplete in all regards. No date or time the citation "came to hand." No identification of the person to whom it is to be delivered. No date or time the citation was delivered and no signature by an officer or authorized person. Raul acknowledges "that certain pieces of required information were missing from the return." Raul contends that Elsa had actual knowledge of the proceedings and attached an appendix to his brief which contains documents to support his contention. Elsa rightfully objected to this Court's consideration of the documents included in Raul's appendix because they were not before the trial court when the trial court rendered the default. We sustain Elsa's objection. *See Alexander v. Lynda's Boutique,* 134 S.W.3d 845, 848–49 (Tex. 2004). Here, if there was evidence of actual notice to Elsa in the record proper service is still required to convey jurisdiction upon the trial court to render a default judgment. *See N. Carolina Mut. Life Ins. Co. v. Whitworth*, 124 S.W.3d 714, 722 (Tex. App.—Austin 2003, pet. denied).

Even with the DHL tracking sheet in the record, the officer's or authorized person's failure to complete and sign the return is fatal. *See Laidlaw Waste Sys., Inc. v. Wallace*, 944 S.W.2d 72, 74 (Tex. App.—Waco 1997, writ denied). We sustain Elsa's issue.

## IV. Conclusion

Because the record affirmatively shows a lack of strict compliance with the Rules of Civil Procedure at the time the default final decree of divorce was

rendered, we reverse the default final decree of divorce and remand this cause to the trial court for further proceedings.

_____
MATT JOHNSON
Chief Justice

OPINION DELIVERED and FILED:  March 13, 2025

Before Chief Justice Johnson,
       Justice Smith, and
       Justice Harris
Reversed and Remanded
[CV06]

